LUCY McCAME'S ADM'R, ET AL., *v.* ALEX. McCAME'S ADM'R.

**Gifts Causa Mortis.**

A gift causa mortis is not made out by a statement by the giver two or three days prior to his death and at the time he delivered certain personal property to a friend, "that he wanted him to take charge of his effects," and said he wanted it for the boys, meaning his grandchildren.

**Causa Mortis.**

To convey title by a gift causa mortis, the language and acts of the giver must indicate more than his intention in the future to give—it must be a gift in the present.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

December 7, 1875.

OPINION BY JUDGE PRYOR:

The evidence in this case fails to establish either a gift inter vivos, or causa mortis. Only two witnesses speak of the facts upon which the alleged gift is based. Both of these witnesses say that the

intestate, a few days prior to his death, was very anxious to see McHenry Meador (the appellee), and that when the latter arrived at the house, John C. Meador, the witness, states, he was present when the money was delivered to McHenry Meador, and the latter was told by the intestate that the money was to go to his grandchildren. Strother, another witness (the physician), who was present at the same time, says that this took place two or three days prior to the old man's death; and that as soon as McHenry Meador reached the house he was told by the intestate that he wanted him to take charge of his effects. He also called on McHenry Meador and the witness, at the same time, to count the money. The witness counted the money; it was $3,650 in gold and $6,735 in currency. This witness also states that when he delivered the money to Meador, he told him he wanted it for the boys.

It was the purpose of the intestate to place his effects in the hands of McHenry Meador, and he may have intended, and no doubt did intend that his grandchildren or the boys were to have this money, but reserved to himself the right to make a disposition of it in the future. The object on the day it was delivered to Meador was only for the purpose of securing it as a part of his estate. He was then in a helpless condition, and felt, no doubt, that it was insecure to have that much money in his custody. He made no gift of it to his grandchildren or to the boys, but indicated that such was his intention at some future time. He fails not only to use language denoting a gift, but leaves it altogether a matter of uncertainty, if a gift is to be implied, as to how the grandchildren are to take, or the manner in which the distribution is to be made.

One of the witnesses also understood him to use the word boys instead of grandchildren; if so what boys he had reference to is left altogether to conjecture; and if we were to indulge in speculation as to his purposes, it would be equally as proper to determine that his son was included, as well as the grandchildren. The money was to go to his grandchildren, or he wanted it for the boys, are words that ought not to be construed as a gift causa mortis, under the facts of this case. The intestate was at the time delivering his effects into the hands of another for keeping, and with no avowed purpose of passing the title directly or at his death to any named person, and certainly should not be held as a gift to those whose identity is established, not from the mouth of the donor, but from the opinions of the witnesses. This character of proof is too vague and uncertain upon which to pass the title to property. The chancellor should

be well satisfied from the proof as to the existence of the gift before he undertakes to divest the widow and heirs of their legitimate claim or interest in such an estate. It is not to be presumed that the intestate would dispose of a large personal estate in this manner; and in the absence of more satisfactory evidence establishing the gift, we must adjudge that none was made. The judgment is *reversed* and cause remanded with directions to charge the administrator with these amounts of money as part of his intestate's estate. 2 Kent's Commentaries 438, 444; *Payne, et al., v. Powell, et al.,* 5 Bush 248. Judge Cofer not sitting.

*G. W. Williams, J. W. Lewis, J. C. Walker, for appellants.*
*Kincheloe, Eskridge, for appellee.*